## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MICHAEL M. MACDONALD,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:07-0345

UNICARE LIFE & HEALTH INSURANCE COMPANY
WORLDWIDE INSURANCE SERVICES, INC., and
AMERIHEALTH ADMINISTRATORS, INC.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's Motion for Summary Judgment (Doc. No. 31) and Defendants' Motion for Partial Summary Judgment (Doc. No. 36). For the following reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendants' Motion for Partial Summary Judgment.

### FACTS

Early on October 22, 2006, Plaintiff Michael M. MacDonald returned home after an evening of drinking alcoholic beverages with several of his friends. A friend drove him home and Plaintiff walked upstairs to his apartment. He went inside, spoke with his roommate, and then walked back outside onto the balcony. Shortly thereafter, he fell off the balcony and was injured. An ambulance took him to Cabell Huntington Hospital, where tests indicated that his blood serum level was .301, or the equivalent of a blood alcohol level of .26g/mL.

At the time of the injury, Plaintiff was insured under policy number U-1125-05, issued by Defendants Unicare Life & Health Insurance Company, Worldwide Insurance Services, Inc., and/or

Amerihealth Administrators, Inc. ("Unicare"). Plaintiff incurred two hundred fifty thousand dollars in medical bills, which he submitted to Unicare for payment. Unicare denied the claim, citing a provision of their coverage policy which states that there is no coverage for "injury resulting from the Covered Person's being legally intoxicated or under the influence of alcohol as defined in the jurisdiction in which the Accident occurs."

Thereafter, Plaintiff brought suit in the Circuit Court of Cabell County, West Virginia and Unicare removed the case to this Court based on diversity jurisdiction.

Plaintiff filed the Motion for Summary Judgment at issue on November 9, 2007 and Defendant filed the Motion for Partial Summary Judgment on November 30, 2007. Since the issues are the same in both motions, the Court will address them jointly.

## ANALYSIS

### Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### **Legally Intoxicated**

Plaintiff's first argument is that it is impossible that Plaintiff was "legally intoxicated" at the time of the accident because he was not engaged in any sort of activity in which there is a legal limit to intoxication. Defendants respond that there are legal limitations under West Virginia law that should apply in the current situation.

Under West Virginia law, the "language in an insurance policy should be given its plain, ordinary meaning." *Jenkins v. State Farm Mut. Auto. Ins. Co.,* 632 S.E.2d 346, 351 (W.Va.2006) *citing Russell v. State Auto. Mut. Ins. Co.,* 422 S.E.2d 803 (1992). "Where the provisions in an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Id. citing* Syllabus Point 3, *American States Ins. Co. v. Tanner,* 563 S.E.2d 825 (2002). However, "when policy language is ambiguous. . . the insured is entitled to a liberal reading of the policy." *Id.*

> The language of the policy at issue, the "alcohol exclusion," states:
> Unless specifically provided for elsewhere under the Policy, the Policy does not cover loss caused by or resulting from, nor is any premium charged for, any of the following: . . .
>
> 7. Expenses incurred for injury resulting from the Covered Person's being legally intoxicated or under the influence of alcohol as defined by the jurisdiction in which the Accident occurs."

Unicare Global Student Health Silver Plan, Certificate of Coverage, Blanket Student Accident and Sickness Insurance Policy No. U-1125-05, p. 5-6.  Both parties focus their arguments on the language of "legally intoxicated or under the influence of alcohol as defined by" West Virginia law.[1]

Plaintiff relies primarily on the reasoning in *Healthwise of Kentucky, Ltd. v. Anglin*. 956 S.W.2d 213. There, the insurance carrier denied coverage, citing a provision of the insurance plan that excluded coverage for "[t]reatment for injuries sustained as a result of being under the influence of alcohol (legal intoxication as defined by Kentucky law) or the illegal use of drugs." *Anglin,* 956 S.W.2d 213, 216 (Ky. 1997).  The Kentucky Supreme Court held that such an exclusion is ambiguous and did not bar Anglin's recovery.  *Id.*  The Court reasoned that there were several definitions of "legal intoxication that could apply."  *Id.* at 217.  As with West Virginia law, Kentucky law required the *Anglin* Court to read the ambiguities liberally.  *Anglin,* 956 S.W.2d at 217; *see also Jenkins,* 632 S.E.2d at 351.  Therefore, the *Anglin* Court adopted a definition of "intoxication" that was most favorable to Anglin, but which was based on Kentucky law.  *Anglin,* 956 S.W.2d at 217.    Unlike the Kentucky Court, this Court does not find that the language of Unicare's policy is ambiguous.  The Court reads the policy to state that the exclusion applies if the person is legally intoxicated or legally under the influence as defined by West Virginia law.  This is not ambiguous.[2]  Clearly the policy looks to the laws of the state to define intoxication.  The issue is, therefore, which West Virginia law defining an intoxication limit applies to the case at hand.

---

[1] Neither party disputes that West Virginia is "the jurisdiction in which the Accident occur[ed]."

[2] If this is not the interpretation that Unicare intended, then the policy is ambiguous and the ambiguity must be resolved in favor of the insured, thereby not changing this Court's ultimate conclusion.

The Kentucky Court in *Anglin* noted that "the wording of the exclusion required a legal adjudication of intoxication before the exclusion could be applied." *Anglin,* 956 S.W.2d at 217. The Court explained that in order to be *legally* intoxicated, one must be adjudicated as such in a criminal proceeding. *Id.* at 217-218. In a similar case, the Nebraska Supreme Court did not require that the individual be adjudicated, but indicated that the individual must have violated a law for that particular statute's limits to apply. *Mahoney v. Union Pacific Railroad Employees' Hospital Assoc.,* 471 N.W.2d 438, 441 (Neb. 1991). The Nebraska Court stated, "there is no legal limit for nondriving intoxication in Nebraska." *Id.* This Court agrees that the individual need not be adjudicated to be legally intoxicated for the statutory definitions to apply. The Court also adheres to the principle that intoxication alone, without the violation of a law, is not illegal.

Here, Defendants argue that there are several West Virginia statutes that provide the applicable legal limits for intoxication. They cite to numerous provisions of West Virginia code, including that for public intoxication, driving a vehicle, operating an aircraft, operating watercraft, receiving a tattoo, and skiing. *See* FN 3, Def.'s Mem. in Supp. of Their Mot. For Partial Summ. J. and in Resp. to Pl.'s Mot. for Summ. J. Defendants first focus their argument on using the limits pertaining to driving. Defendants only cite to one case, *State v. Weaver*, in which the Supreme Court of Appeals of West Virginia utilized the state limits for driving while intoxicated in order to determine that the eight-year-old victim of a rape was beyond the "statutory level of intoxication." 382 S.E.2d 327, 330 (W.Va.1989). This case is of little support. The Court refers only to the intoxication level of the victim, and does so only in a footnote to show that the defendant intended to harm her.

In the alternative, Defendants cite to the public intoxication standards, referring to several cases in which a police officer can arrest an individual for being intoxicated. However, Defendants do not contest that Plaintiff was on his private property. He was standing on the balcony in front of his apartment when the accident occurred. He certainly was not on the public streets or in a public place and therefore the public intoxication statutes are inapplicable.

Defendants' policy clearly requires the court to refer to the laws of West Virginia in order to define "intoxicated" or "under the influence." Based on the plain meaning of the words in the policy, it is clear that Plaintiff could not have been legally intoxicated without having violated a law. He was not driving, in public, operating an aircraft, or skiing. Rather, he was on his private balcony, having just come outside after speaking with his roommate. There are no limits on private intoxication under West Virginia law. Plaintiff cannot, therefore, have been above a legal limit such that he was "legally intoxicated or under the influence" and such that the Unicare insurance policy would not apply to him.

### Causation

Alternatively, Plaintiff argues that there is no evidence that his injury occurred as a result of his intoxication. However, because Unicare denied Plaintiff's claim on the grounds that his injury took place while he was "legally intoxicated" or "under the influence of alcohol as defined" by West Virginia law and the Court has determined that there was no legal limit for the Plaintiff's intoxication, the Court need not address this argument.

### CONCLUSION

For the reasons mentioned above, the Court **FINDS** that Plaintiff was covered by Defendants' insurance policy and therefore **GRANTS** Plaintiff's Motion for Summary Judgment

and **DENIES** Defendants' Motion for Partial Summary Judgment.  Plaintiff has fourteen (14) days to file any motions for additional relief to which he believes he is entitled.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER:         January 17, 2008

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE